# TRUSTEES OF SCHOOLS, ETC.

## *v.*

## LORENZO D. HOVEY *et ux.*

1. HOMESTEAD—*not affected by lien of collector's bond.* The lien created by statute upon the real estate of a collector of the revenue, who gives an official bond, does not in any way affect the homestead estate of such collector.

2. SAME—*release—sufficiency of acknowledgment.* A certificate of acknowledgment of a release of a homestead by a husband and wife, for the purpose of having a levy made thereon, that on a certain day came before the officer A, and B, his wife, to him known to be the identical persons who executed the above release and waiver, and acknowledged that they executed the same freely and voluntarily for the uses and purposes therein expressed, and that the said B, wife of the said A, "after having been informed by me of her rights under the homestead law and of the effect of this instrument, on being examined separate and apart from the said husband, acknowledged that she had executed the same freely, voluntarily, and for the purpose of waiving homestead and her dower in the same, and without the compulsion of her said husband, and that she does not wish to retract," is insufficient to release the homestead as to the husband, for the reason that no such intention is shown in the acknowledgment, but is good as to the wife.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. RICHARD A. LEMON, for the appellants.

Mr. P. T. SWEENEY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible detainer, brought by the Trustees of Schools T. 20, R. 2 E, 3d P. M., against Lorenzo D. Hovey, and Matilda Hovey, his wife, to recover the possession of certain real estate in the town of Clinton, in which there was judgment for the defendants, and the plaintiffs appealed.

The plaintiffs claim title and right to recover under a sale of the property on execution upon a judgment against Lorenzo D. Hovey and others. The defendants claim a homestead estate in the premises.

No question is made as to the former existence of the right of homestead in Lorenzo D. Hovey.

The property sold upon the execution for $1424. As the record shows nothing upon the subject whether the sheriff, in making sale of the property, did or not comply with the requirements of the Homestead act, defendants insist the legal presumption is that the officer performed his duty, and that, therefore, it must be presumed that the sheriff proceeded regularly under the Homestead act as he was required to do; that it is to be presumed it was found under that act that the proper y was worth more than $1000, and could not be divided, and that upon the sale the sheriff paid over to the execution debtor, out of the proceeds, the $1000 which the latter was entitled to receive in such case.

It is enough to say that the sheriff's return on the execution confutes this. It appears from said return that the proceeds of the sale were $1424.41, and that the sheriff paid over to the plaintiffs in the execution $1361.41, showing that he did not pay the execution debtor $1000 out of the proceeds of the sale.

The judgment against Hovey was upon his official bond as county collector, for a breach of condition, and as section 146 of the Revenue act, upon the subject of the official bonds of the county collector, amongst other things, provides that such

bonds "shall be a lien against the real estate of such collector until he shall have complied with the conditions thereof," it is claimed there is no homestead right as against this lien. We are of opinion that this lien does not in any way affect the homestead estate.

The remaining and more serious ground of defence against the claim of homestead right is, that it has been released.

The alleged release and acknowledgment thereof are as follows, the premises described being those involved in this suit:

"Know all men by these presents: That we, Lorenzo D. Hovey, and Matilda Hovey, his wife, of DeWitt county, Illinois, for and in consideration that Amos Weedman, as sheriff of DeWitt county, will levy an execution he now has in his hands against Lorenzo D. Hovey, Jordan Banta, Tilman. Lane, James A. Wilson, Benjamin F. Barnett, Thomas Hoop, John D. Graham, Charles Willmore, William A. Squires, George Butler, impleaded with Ross Mitchell, at the suit of the people of the State of Illinois, who sue for the use of school district No. 8, T. 20, R. 2 east of 3d P. M., on the following real estate, to-wit: The south-east quarter and east half of the east half of the south-west quarter of out-lot No. 14, in the original town, now city, of Clinton, in the county of DeWitt, and State of Illinois, and for the further consideration of one dollar to us paid, do hereby expressly release and waive all our rights and claims in and to the said lands above described, which may, does or can exist under and by virtue of any and all laws in this State exempting homesteads from levy and forced sale.

"Witness our hands and seals this 24th day of February, A. D. 1877.

"LORENZO D. HOVEY, (seal.)
"MATILDA HOVEY,    (seal.)

"STATE OF ILLINOIS, } ss.
    *DeWitt County.* }

"This day came before the undersigned, a notary public in and for said county, Lorenzo D. Hovey, and Matilda Hovey,

his wife, to me known to be the identical persons who exe-cuted the above release and waiver, and who acknowledged that they had executed the same freely and voluntarily for the uses and purposes therein expressed; and the said Matilda Hovey, wife of the said Lorenzo D. Hovey, after having been informed by me of her rights under the Homestead law and of the effect of this instrument, on being examined separate and apart from the said husband, acknowledged that she had executed the same freely, voluntarily, and for the purpose of waiving homestead and her dower in the same, and without the compulsion of her said husband, and that she does not wish to retract.

" Witness my hand and seal the day and date above written.

GEORGE B. GRAHAM, (seal.)

*Notary Public.*"

The objection taken to this release is, that no releasee is named in it, and that it is not acknowledged in conformity with the statute. The provision of the statute as to acknowl-edgment is this: "No deed or other instrument shall be con-strued as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right. And in such case the certificate of acknowledg-ment shall contain a clause substantially as follows: 'In-cluding the release and waiver of the right of homestead,' or other words which shall expressly show that the parties executing the deed or other instrument intended to release such right. And no release or waiver of the right of home-stead by the husband shall bind the wife unless she join in such release or waiver." Rev. Stat. 1874, p. 278, sec. 27.

As this section occurs in the chapter of the statutes entitled "Conveyances," it is argued that it has reference to the case of ordinary conveyances of land, as deeds, mortgages, etc., where there might be reason to suppose it might not have been the intention of the 'grantors to release the homestead right, unless some apt words showing such intention were used in the certificate of acknowledgment, but that in a case like the

one at bar, where the whole subject of the instrument is the release of the homestead, in order that it may be sold, there could be no mistake as to the intention of the grantors, and that none of the reasons which apply to the ordinary conveyances named in the act entitled "Conveyances," exist, or can be applied to this case. It is further said that the first clause of the section provides that no deed or instrument shall release the right of homestead unless the same shall contain a clause expressly releasing it, and then proceeds that in "such case" the certificate of acknowledgment shall contain the clause, *including* the release of the homestead; that the particular words here employed show that two separate estates were contemplated—the fee simple estate, and the estate of homestead. And that the statute very properly provides that where these two estates are sought to be conveyed by one instrument, the certificate of acknowledgment shall show that it was the intention of the parties to release the homestead right, but that the section has no proper application to the case of a simple instrument of release of the homestead right alone.

The section speaks not only of a "deed," which might be held as more properly applying to an ordinary conveyance of land, but it names "other instrument," which might very properly embrace the case of a simple release of the homestead right.

It is true that in this present case it would not be an apt form of certificate of acknowledgment for it to contain the words, "*including* the release and waiver of the right of homestead," where there was nothing but a simple instrument of release of that right, and where there was nothing to be *included* with it. But it is not the requirement that the certificate of acknowledgment must contain those words, but those "or other words which shall expressly show that the parties executing the deed or other instrument intended to release such right." With entire aptness the form of the cer-

tificate here might have contained the alternative, "or other words," etc., named.

The point made upon the word " including," as referring to cases where there was more than one subject of conveyance, would have had more force had all certificates of acknowledgment been required to contain that particular clause which uses that word. Release of the homestead being commonly made in the ordinary conveyance of land, the prescribed form of words, *including* the release of the right of homestead, might, coupled with the alternative of the "other words" named, very properly be required in all certificates of acknowledgment, as the same would be applicable in either case, of an ordinary conveyance, or a simple release of the homestead.

But it is insisted further, that the certificate of acknowledgment here is in compliance with the statute, as it certifies that the persons who executed the above release and waiver acknowledged that they had executed the same. It is asked what more could the parties acknowledge or the notary have certified? Should the notary have added this: "*including* the release and waiver of the right of homestead," when there was nothing but a release of the homestead? As remarked, it might not have been appropriate here to add those particular words, but there might have been added the alternative words expressly showing that the parties executing the release intended to release the homestead right. All the certificate of acknowledgment shows is that the parties "who executed the above release and waiver acknowledged that they had executed the same freely and voluntarily for the uses and purposes therein expressed," that is, that the parties acknowledged that they had executed the instrument of release for the uses and purposes therein expressed It does not, as the statute requires, expressly show that the parties executing the instrument intended to release the homestead right. They might not have known that the instrument was a release of the right of homestead; they might not have intended to release

Syllabus.

such right, and may not have acknowledged that they did so intend.

The certificate surely does not say ·that they did so acknowledge, but the statute is that the certificate must so state.

What is said is in reference to the husband's acknowledgment.

That of the wife was sufficient.

The certificate of acknowledgment as respects the husband we do not regard as in conformity with the requirement of the statute, and for that reason we feel compelled to hold that the instrument of release in question is insufficient as a release of the homestead, and the judgment of the circuit court must be affirmed.

*Judgment affirmed.*