Johnston v. Dunavan.

Reversed and remanded.

JOSEPH P. JOHNSTON

v.

MARY A. DUNAVAN ET AL.

1. HOMESTEAD.—The estate of homestead is created by the statute for the protection of the family of the debtor, and the right thus created can be relinquished only in the mode pointed out by the statute or by abandonment.

2. DEFECTIVE ACKNOWLEDGMENT.—Upon a bill filed to foreclose a mortgage, where the instrument contained the usual release of homestead, but the certificate of acknowledgment failed to state that the homestead was released by the husband, though it was sufficient in that respect as to the wife, it was sought to correct the certificate so as to conform to the statute. *Held*, that there is no power in a court of equity to make the correction.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Messrs. MORRISON & WHITLOCK, for plaintiff in error.

Messrs. KETCHUM & HATFIELD, for defendants in error.

WALL, P. J. On the eighteenth day of January, 1877, Mary A. Dunavan and Jesse J. Dunavan, her husband, exe-

cuted and delivered to Joseph P. Johnston a deed of mort-
gage upon certain real estate, owned in fee by said Mary, of
less value than $1,000, then occupied by herself and family as
a homestead, to secure the said Johnston in the sum of $400,
which he then loaned to the said Jesse J. Dunavan. The in-
strument contained the usual release of homestead, but the
certificate of acknowledgment fails to state that the homestead
was released by the husband, though it is sufficient in that re-
spect as to the wife. Upon a bill filed to foreclose the mort-
gage it is sought to correct the certificate, so that it shall
conform to the statute and thereby release the right of home-
stead.

It was alleged that when the mortgage was given it was
understood and agreed that all such rights should be waived,
so that the mortgage should be a valid and effective lien as to
the entire estate, but that through the failure of the justice to
make the proper certificate the intention of the parties was
not accomplished.

There is some evidence, and we may say it is satisfactory,
that when the loan was negotiated it was understood on both
sides that the security was to be perfect, and that the lien
thereby created was to be paramount, though the release of
the right of homestead was not definitely or specifically dis-
cussed. Nor is it clear that the justice, when he took the ac-
knowledgment, was informed by the mortgagors that they in-
tended to make such release. The justice in his testimony
states, that while he can not recall the conversation on that
occasion he is confident that he received such an acknowledg-
ment as was necessary to make the instrument effective for all
that it set forth; but it is apparent that he has but a general
recollection of the matter, and the mortgagors deny that they
made any acknowledgment whatever as to the homestead.
There is great uncertainty as to what is the truth upon this
point. The circuit court denied the specific relief sought,
and this presents the only question for our decision. The
estate of homestead is created by the statute for the protec-
tion of the family of the debtor. It is a part of the legislative
policy of the State, and, by an unbroken current of judicial

decisions, the rule is firmly established that the right thus created can be relinquished only in the mode pointed out by the statute or by abandonment. Among the many cases decided, the following may be cited: Hoskins v. Litchfield, 31 Ill. 137; Mitchell v. Caverly, 58 Ill. 428; Trustees, etc., v. Hovey, 94 Ill. 394; McGee v. McGee, 91 Ill. 548; McMahill v. McMahill, 105 Ill. 601. In the two last named cases it was held that the estate could not be barred or waived by an antenuptial agreement.

So also it has been held with regard to personal property exempt from execution, that the exemption can not be waived by an executory agreement. Recht v. Kelly, 82 Ill. 147.

Similar in principle is the rule that the right of dower can be released only in the mode provided by law, and that a court of equity has no power to correct a defective acknowledgment or certificate by the officer. Russell v. Rumsey, 35 Ill. 362.

We are of opinion there is no power in a court of equity to make the correction here prayed for. The mortgagee is presumed to know what is necessary for his security, and in the present instance he testifies that he looked the mortgage over and found it in proper form, and then gave a check for the money, but did not read the acknowledgment as he presumed it was all right. A proper degree of caution on his part would have saved him from loss, and were there no other reason, his negligence would bar him of relief in a court of equity. Russell v. Rumsey, 35 Ill. 371.

The decree of the circuit court is affirmed.