## CORNELIA RUSSELL

*v.*

## GEORGE F. RUMSEY *et al.*

1. DEED — *certificate of acknowledgment* — *its requisites to bar a right of dower, prior to act of* 1853. A conveyance of land executed by a husband and wife prior to the passage of the act of February 11th, 1853, amendatory of the chapter in the Revised Statutes, entitled "Conveyances," where the certificate of acknowledg-

ment fails to state that the wife relinquished her right of dower in the premises, is not sufficient to operate as a bar of dower, under the statute. The omission of those words was matter of substance, and not of mere form.

2. SAME — *equity cannot supply the omission.* It is no answer to the claim for dower made by the widow in such a case, that she acts in bad faith; or that she knew when she executed the deed that the purchaser expected to obtain a release of her dower, and that she must have designed to bar it by her act. The same might be said, with equal truth, if she had only signed the deed and acknowledged it in the presence of a subscribing witness, yet her dower would not thereby have been released, nor could witnesses be called to prove the fact. The wife cannot bar her right of dower except by conforming to the requirements of the statute. Nor has equity jurisdiction to specifically execute the contract of a *feme covert,* whether for the relinquishment of her dower or the conveyance of her real estate. If there has been a mistake by the officer, or the *feme covert* has acted in bad faith, it is the misfortune of the grantee to have received a deed inoperative to pass the dower.

3. SAME — *act of* 1853 — *its design* — *and its constitutionality in view of its effect upon conveyances previously made.* It seems to have been the obvious design of the act of February 11, 1853 (Sess. Laws, 89), to dispense with the requirement in reference to the statement in the certificate, that the wife had relinquished her dower, in conveyances subsequently made, as well as to bar all claim of dower where the statement had been omitted in certificates already made before the passage of the act. The former it was competent to do. But the latter it was not within the legislative power to declare. The right of dower is a vested right, although contingent, and the wife cannot be divested of it by legislative enactment, but only by her own voluntary act, and in the mode prescribed by the statute.

APPEAL from the Superior Court of Chicago.

This is a suit for dower in sub-lots 1, 2, 3, 4, 5, 6 and 7, of lot one, block two, original town of Chicago.

The facts in this case, and about which there is no dispute, are as follows:

Complainant is the widow of John B. F. Russell, late of Chicago, Illinois, to whom she was married in the year, 1833, and who died intestate in 1860.

During the coverture said J. B. F. Russell was seized in fee of said lot 1, and subdivided the same into 9 lots numbered from 1 to 9 inclusive. Said sub-lots 1, 2, 3 and 4 were conveyed by said J. B. F. Russell to J. H. Kinzie, in the year

1836, and by Kinzie to J. S. Wright, in May, 1851, and by Wright to defendants, in October, 1852.

Sub-lots 5, 6 and 7 were conveyed by said Russell to Dunn and Stuart, February 5th, 1836, and sold by Dunn and Stuart to said Wright, June 24, 1836, and a bond given for a deed in twelve months. Wright went into possession under said bond and made the payments, but neither he nor the defendants ever received a conveyance from or through said Dunn and Stuart. But said Wright executed a deed of these lots to defendants, in October, 1852.

The defendants claim that by a quit-claim deed purporting to be executed by said Russell and his wife, dated June 25th, 1851, the complainant released her dower to all said sub-lots. By this deed the said Russell and wife purport, for the consideration of $10, to release and quit-claim "all the right, title and interest, claim and demand which the said party of the first part have" in and to said sub-lots.

The execution and acknowledgments of this deed are as follows:

"In witness whereof the said parties of the first part hereunto set their hands and seals the day and year first above written.

"J. B. F. RUSSELL,     · [SEAL.]
"CORNELIA RUSSELL.   [SEAL.]

"Signed, sealed and delivered in presence of
"EDWARD WRIGHT as to J. B. F. Russell.

"STATE OF ILLINOIS,  }
    COOK COUNTY,     } ss.

"I, Edward Wright, a notary," etc., "do hereby certify that John B. F. Russell, who is personally known to me as the same person whose name is subscribed to the above instrument of writing, appeared before me this day in person, and acknowledged that he signed, sealed and delivered the said instrument of writing as his free and voluntary act, for the uses and purposes therein set forth.

"Given under my hand and seal this 28th day of June, A. D. 1851.

   [SEAL.]    "EDWARD WRIGHT, *Notary Public.*

"STATE OF ILLINOIS,  } ss.
   COOK COUNTY,    }

"I, Edward Wright, a notary public," etc., "do hereby certify that Cornelia Russell, who is to me personally known to be the same person who executed the within deed, personally appeared before me this day, and having been by me examined separate and apart, and out of the hearing of her husband (the within mentioned John B. F. Russell), and the contents and meaning of the within deed having been by me fully explained and made known to her, acknowledged that she had executed the same freely and voluntarily, and without compulsion of her husband.

"Given under my hand and notarial seal this 8th day of March, A. D. 1852.

   [SEAL.]    "EDWARD WRIGHT, *Notary Public.*"

The cause came on to be heard on bill, answer, replication and exhibits. The bill of complaint was *pro forma* decreed to be dismissed, and the complainant brings this appeal. The questions presented are: *First.* Whether the omission in the certificate of acknowledgment of the statement that Mrs. Russell relinquished her right of dower, was so far matter of substance that by reason thereof her right of dower did not pass by the deed; and *second*, as to the constitutionality of that portion of the act of February 11, 1853, amendatory of the chapter in the Revised Statutes entitled "Conveyances," which, in terms, applies to conveyances executed prior to its passage.

Mr. J. S. PAGE, for the appellant.

It is insisted on the part of the appellant that her right of dower did not pass by the deed, by reason of the omission in the certificate of acknowledgment of the statement that "she

relinquished her right of dower." Those words are matter of substance, not of mere form, and are essential to pass the right. *Owens* v. *Robbins,* 19 Ill. 554; *Marriner* v. *Saunders,* 5 Gilm. 125; *Mason* v. *Brock,* 12 Ill. 276; *Moulton* v. *Hurd,* 20 id. 143; *Love* v. *Soulard,* 15 id. 124; *Gave* v. *Cother,* 23 id. 639; *Hughes* v. *Lane,* 11 id. 134; *Lane* v. *Dolick,* 6 McLean, 200; *O'Farrell* v. *Simplot,* 4 Green (Iowa), 164; *Burgess* v. *Wilson et al.,* 2 Dev. (Law) 306; *Perry* v. *Calhoun,* 8 Humph. 551; *Boykin* v. *Rain,* 28 Ala. 332; *Burrett* v. *Shackleford,* 6 J. J. Marsh. 532; *Watson* v. *Mercer,* 6 Serg. & Rawle, 48; *Hopper* v. *Demarest,* 2 Zabr. 541; *Barret* v. *Tewksbury,* 9 Cal. 15; *Martin* v. *Dwelly,* 6 Wend. 9; 1 Wash. Real Prop. 202.

A strong argument in support of the above position is deducible by analogy to the statute in reference to homesteads, and the decision of this court thereon.

In the first section of that act (p. 576, Scates' Comp.) it is provided, "And no release or waiver of such exemption shall be valid unless the same shall be in writing, subscribed by such householder, and acknowledged in the same manner as conveyances of real estate are by law required to be acknowledged." In the amendment of 1857 it is provided that after the word "householder" shall be inserted "and his wife, if he have one," it being the object of this act to require, in all cases, the signature and acknowledgment of the wife as conditions to the alienation of the homestead.

Now it is to observed that it is nowhere required by the statute, that in the certificate of the acknowledgment, the homestead interest should be noticed. Yet the court in *Vanzant* v. *Vanzant,* 23 Ill. 541, say in reference to this: "But as regards the wife who joins in the execution since the act of 1857, we would say that a fair construction of the act, taken in connection with the conveyance act, would require that the officer taking the acknowledgment of the wife should certify also, that he fully informed her of her rights under the act, and that she voluntarily released or waived all right and benefit under it." To the same effect is the case of *Patterson* v. *Kreig,* 29 Ill., 514.

If such be the law, as to the homestead right without any provision by the statute, can there be any room for doubt or construction as to the dower act where it is specially required to be in the certificate that the wife relinquishes dower?

Dower — favored in law as well as in equity. *Blain* v. *Harrison*, 11 Ill. 386, 388; 1 Story Equity, § 626.

Messrs. SCAMMON, McCAGG & FULLER, for the appellees.

The certificate of acknowledgment answers the requirements of the act of February 11, 1853, amendatory of the chapter in the Revised Statutes entitled "Conveyances."

That the legislature had power to pass this act seems to us affirmatively and fully settled in *Watson* v. *Mercer*, 8 Peters, 88, where one of the questions before the court was the power of the legislature of Pennsylvania to pass a law, the object of which was, to cure defective acknowledgments of this sort, and to give to them the same efficacy as if they had been originally taken in the proper form. The Pennsylvania statute was much more sweeping than the statute of Illinois above cited, it reciting that deeds transferring the interests of *femes covert* had been held void by the Supreme Court, by reason of imperfect acknowledgments, and enacting that no such deed theretofore made should be deemed insufficient or invalid, or be avoided by reason of any informality or omission in setting forth the particulars of the acknowledgment.

This statute was held constitutional by the Supreme Court of Pennsylvania. *Barnet* v. *Barnet*, 15 Serg. & Rawle, 73; *Tate* v. *Stolzfoos*, 16 id. 34. Confirming acts are not unconstitutional. 10 id. 101.

Laws curing defects which would otherwise operate to frustrate what must be presumed to be the desire of the party affected, cannot be considered as taking away vested rights. Courts do not regard rights as vested contrary to the equity and justice of the case. *State* v. *Newark*, 3 Dutch. 185.

The petitioner in this case had capacity to do the act in a form prescribed for her protection. She intended to do the act

in that form. She attempted to do it in that form, and her attempt was received and acted on in good faith. She has no right to complain if the law which prescribed forms for her protection shall interfere to prevent her reliance upon them to resist the demand of justice. She has no vested right to do wrong. *Goshorn* v. *Purcell*, 10 Ohio N. S. 652.

Retrospective laws which only vary the remedy, divest no right, but merely cure a defect in proceedings otherwise fair, the omission of formalities which do not diminish existing obligations, contrary to their situation when entered into. These and several like acts are clearly constitutional. *Tate and Wife* v. *Stolzfoos*, 16 S. & R. 35; *Killam* v. *Killam* (note); American Law Register, November, 1861.

Mr. PAGE, for the appellant, in reply.

The defendants rely upon the curative statute of 1853. That was passed subsequent to the execution and delivery of all the deeds referred to in this case. The complainant claims it could not therefore affect the acknowledgment of deeds by *femes covert* made prior thereto.

The Pennsylvania cases relied upon by counsel, when taken in view of the statute of that State, do not support that portion of the curative act of 1853 which has relation to deeds executed prior to its passage. By reference to the Pennsylvania act of 1770 (Sess. Laws, 99), with reference to which their curative act of 1826, quoted in 16 Serg. & Rawle, 35, was passed, it will be seen that it nowhere requires that the *particulars of such acknowledgment should be set out in the certificate.* It is therein nowhere required to be made a part of the deed. In this it is totally different from the statute of this State, which requires such particulars to be stated in the certificate. *Lane* v. *Dolisk*, 6 McLean, 200. Hence it has been repeatedly held by this court that in this State the certificate of the acknowlegment of a *feme covert* is an essential part of the deed, "as much so as her seal or signature." *Marriner* v. *Saunder*, 5 Gilm. 125; *Mann* v. *Brock*, 12 Ill. 276. That, therefore, which was not her deed prior to 1853 could not be made

such by the legislature of that year. It needs no citation of authorities to show that the legislature has no power to make contracts or execute deeds for other parties.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The certificate of acknowledgment annexed to the deed of Russell and wife to Wright, fails to state that Mrs. Russell relinquished her right of dower in the premises. In other respects the certificate is formal and sufficient. It presents the question whether such a certificate is sufficient to operate as a bar of dower under the statute. In the case of *Hughs* v. *Lane*, 11 Ill. 123, it was said, if the certificate shows that the substantial requirements of the statute have been complied with, it is sufficient to pass the wife's title to her real estate. And the same reason for the application of the rule applies to the release of her dower. The question then arises whether the omitted words are substantial or merely formal.

The statute requires the officer to explain to her the contents of the deed or conveyance, and to examine her separate and apart from her husband, whether she executed the same and relinquished her dower to the lands and tenements therein mentioned, voluntarily, freely and without compulsion of her husband. If she shall so acknowledge the deed, the officer is required to grant a certificate, to be indorsed upon and annexed to such deed, stating that such woman was personally known to him or proved to be the person who subscribed the deed or writing, and that she was made acquainted with the contents thereof, and was examined and acknowledged as aforesaid. How acknowledged as aforesaid? The statute had prescribed that she should acknowledge that she relinquished her dower freely and voluntarily. The officer is required to examine her as to that fact, and ascertain whether she relinquished her dower in the mode pointed out by the statute, and then certify the facts. If he omits any portion of the facts which she is required to acknowledge, then he does not certify that she acknowledged the deed " as aforesaid."

24 — 35TH ILL.

It would seem to be apparent from the language of the statute, that everything required by her to be acknowledged was regarded as essential. This is the uniform construction put upon the statute by the profession since its adoption. All conveyancers, so far as our knowledge extends, have so regarded and acted upon the statute. It is believed that every form book ever published in the State, has contained in the form of such an acknowledgment, a statement that the wife relinquished her right of dower in the premises. Most of the printed blanks for deeds, prepared for use in the State, have certificates containing this statement, where the wife is expected to join in its execution. In the volume of real estate statutes, published by Judge PURPLE, on page 507, there is a form given, and it contains the statement. There were few more distinguished real estate lawyers in the profession, and that fact gives it significance. We have only to refer to almost any deed that may be examined, where the wife has joined to release her dower, to see that the acknowledgment contains such a statement. After contemporaneous construction of such uniformity and for such a length of time, we are not prepared, even if it was not so obvious, to adopt a different one.

It is urged that a widow claiming dower under such circumstances, acts in bad faith. This may be true, but the law is not designed to regulate morals of individuals who violate no law. Also, that she knew when she executed the deed, that the purchaser expected to obtain a release of her dower, and that she must have designed to bar it by her act. The same might be said, with equal truth, if she had only signed the deed and acknowledged it in the presence of a subscribing witness; and yet it would not be contended that her dower would thereby have been released. Nor could witnesses be called to prove the fact. The statute has, in lieu of the more solemn mode of barring dower by fine or recovery, adopted the examination and certificate by the officer. When this change was made it can hardly be supposed that any requirement imposed would be regarded as merely formal or directory. In so great

and important a change in the mode of barring dower, it would. of course lead to the adoption of other acts deemed sufficient, but to no more than was deemed essential. The wife is unable to bar her right of dower except by conforming to the require- ments of the statute.

Nor has equity jurisdiction to specifically execute the con- tract of a *feme covert*, whether for the relinquishment of her dower or the conveyance of her real estate. If there has been. a mistake by the officer, or the *feme covert* has acted in bad. faith, it is the misfortune of the grantee to have received a deed inoperative to pass the dower. He is presumed to know the law, and when he receives such a deed, it may as readily be inferred that it was with his assent, as that the wife designed to perpetrate a fraud. On the production of the officer's certifi- cate, the presumption will be indulged, that it contains a statement of all the acts that were done, and that none were omitted. It is for the grantee to be satisfied, that the deed is properly acknowledged. If he neglects this duty it is his fault as well as his misfortune. When property of value is pur- chased, it is usual to have the title examined, and if subject to a contingent right of dower, that is taken into consideration, in fixing the price, and in this mode the purchaser indemnifies himself against loss, or covenants are inserted for that purpose. A reasonably prudent man would always provide against such a claim when he purchased. This acknowledgment fails to comply with the statute, and we think in an essential particu- lar, and was therefore insufficient to bar Mrs. Russell's dower.

It is, however, insisted that the act of 1853 (Sess. Laws, 89) cured this defect. That act declares that no deed heretofore or hereafter executed, shall be held invalid or insufficient in law, by reason of any informality or omission in setting forth the particulars of the acknowledgment in the certificate thereof, if it appears in substance, from the certificate, that the parties executed the same freely and voluntarily. And in case of married women, it shall appear in substance, from the certificate, that they knew the contents of such instrument, and that they were examined separate and apart from their husbands. It

seems to have been the obvious design of this enactment, to dispense with the requirement in reference to the statement that the wife had relinquished her dower, in conveyances subsequently made, as well as to bar all claim of dower, where the statement had been omitted in certificates already made. That it was competent to do the former is undeniable. But the latter presents a graver question.

If a *feme covert's* right of dower is a vested interest, although contingent, the legislature would not have the power, by enactment alone, to divest the right. The mere fact that it is contingent does not change the interest. A person may have a contingent contract for the payment of money or the performance of some other duty, and yet no one will pretend that the legislature could, by enactment, annul the contract, or release a party from its performance. A person may have a conveyance of land, contingent on the happening of some future event, or may have a contingent remainder. And yet these are vested rights beyond the reach of legislative action.

A man may owe a debt and hold real estate subject to sale on execution, but the legislature would have no right to exempt the land from sale to satisfy the debt, if it should ever be reduced to a judgment. In such a case the creditor has no vested interest or estate in the land, nor even a lien upon it; but the right to subject it to sale for the payment of the debt, if it should be reduced to a judgment, whilst the debtor remains the owner, enters into and forms a part of the contract; and this right although contingent, is vested and beyond legislative control.

Is the wife's right of dower in her husband's estate before his death, although imperfect and contingent, such a vested interest as precludes the legislature from preventing its assertion when it does become vested? Under a deed conveying an estate, to take effect upon a contingency, it will hardly be contended that it is within legislative power to divest the right and prevent the assertion of title upon the happening of the contingency. Yet in such a case the estate is no more vested and absolute than is the wife's dower. In the one case the

event may never occur to vest title, and in the other the wife may not survive the husband so as to become vested with dower. So of an estate in remainder or reversion, the contingency may not happen upon which the estate will revert, yet it has never been supposed that it was within the power of legislative enactment to prevent the assertion of title when the title has vested. It is true that dower, as well as such contingent estates, might, under the common law, be barred by fine or common recovery. No one will contend that the legislature may release a party from the performance of a contingent contract any more than an absolute agreement.

Suppose the General Assembly were to pass a law barring the wife's right to claim property under a marriage settlement, would it be contended that because the wife's estate was only a contingent expectancy, that it was within the scope of legislative action? In what do the two cases differ in principle? The law has declared that in the event the wife survives the husband, she shall be endowed of one-third of his real estate, owned during coverture, for life, unless relinquished in the mode prescribed. By the marriage settlement the parties agree what the wife shall receive, absolutely or contingently, in lieu of her dower, and the law enforces the agreement because it entered into the marriage contract. But does not the contingent right of dower enter into and form a part of that contract? We can perceive no difference in principle between the rights guaranteed by law and growing out of a contract and those specifically agreed upon by the parties.

The doctrine seems to be well and almost uniformly settled, that the right of dower "attaches upon the land immediately upon the marriage, or as soon thereafter as the husband becomes seized, and it is incapable of being discharged by the husband without her concurrence." Park on Dower, 5. As far back as the time of Lord Coke, we are told, that "no question was made, but that if the husband and wife levy a fine, the wife is barred of her dower; for the intermarriage and seizin are the fundamental causes of dower, and the death of the husband is but an execution thereof." Park on Dower, 192. It is held

that until the death of the husband, the right to dower is only an expectancy, a contingency, or an inchoate right. This is doubtless true, but the same may be said of any contingent estate or agreement, and until the contingency has occurred, all know that the estate or title is only an expectancy, and may never become absolute. Dower, although its enjoyment is contingent, is as much a vested right as a contingent remainder or reversion, and it would not be contended that they are not vested rights although not vested estates. Although the estate is contingent the right to dower is vested and absolute.

When it has, by the marriage and seizin, become attached, it is then an incident to the land until relinquished or barred, in the mode designated by the law. If it is a vested right, and we have seen that it is, it can neither be transferred nor destroyed by any other means than the voluntary act of the *feme covert* or dowress. And it is as completely beyond legislative control as is the principal estate to which it is attached. Government is not created for the purpose of conferring rights, but to protect the citizen or subject in the enjoyment of existing rights. To transfer the estate of one person to another would violate the principle of protection. It has the undoubted right to provide the mode in which existing rights may be forfeited, but it cannot transfer or deprive the citizen of them, except for an offense against the laws of the government. This, then, being a vested right in the wife, she could only be deprived of it by her own act, in the mode prescribed by the law, or by doing some act which the law has declared shall be attended with a forfeiture of the right. Having done neither, she is still vested with the right, consummated and ripened into an estate by the death of her husband.

It is insisted, that inasmuch as we have held that the legislature has competent authority to pass a homestead act preventing the sale of the residence of the family, unless the wife shall join in the conveyance, the same may be done to bar the assertion of the right of dower. We are unable to perceive the resemblance in principle of the two cases. At the common law, and independent of statutory enactment, land

might be sold, and title passed by verbal contract; but in the exercise of a universally conceded power, the legislature may change the rules of evidence, and when the sale was required to be evidenced by deed, no right was invaded or injury inflicted. And until terms are imposed which shall prevent a person from selling his property, or shall burden such a sale to the extent of real injury, no reason is perceived why the legislature may not impose rules to evidence the sale. The homestead act does not prevent the sale, but only requires that the premises shall not be occupied as a homestead at the time of the conveyance. The vendor being the head of the family, may choose their residence, and if he desires to sell the homestead without the concurrence of his wife, he has only to abandon and to cease to occupy it as a residence. It is not the case of vesting the wife with an interest in the property beyond the control of the husband. He has the right to sell or retain it as he may choose, but if he desires to sell it he has only to cease to occupy it as a residence. It is not like prohibiting the sale of property, or transferring the husband's lands to the wife. For these reasons we are of the opinion that the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*