(No. 15260.—Appellate Court reversed; circuit court affirmed.)
CLINTON C. FIREBAUGH, Plaintiff in Error, *vs.* CHARLES
W. WITTENBERG, Defendant in Error.

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. CONTRACTS—*effect of contract to convey by good warranty deed and merchantable abstract of title.* A contract to convey land by a good and sufficient warranty deed and merchantable abstract of title entitles the purchaser to demand a title which will enable him not only to hold his land but to hold it in peace, and to be reasonably sure, if he wishes to sell it, that there is no flaw in the title which will disturb the market value of the land.

2. SAME—*purchaser cannot be compelled to accept title subject to inchoate right of dower.* One who contracts to convey land by a good and sufficient warranty deed and merchantable abstract of title does not comply with his contract by tendering a deed executed by himself, in which his wife, having an inchoate right of dower, does not join; and the purchaser cannot be compelled to accept such a deed, even though the wife did not join in the contract. (*Bartak* v. *Isvolt,* 261 Ill. 279, and *Ebert* v. *Ahrends,* 190 id. 221, distinguished.)

3. SAME—*inchoate right of dower is a valuable right amounting to an incumbrance.* An inchoate right of dower, whether it is regarded as a vested right or not, is at least a valuable right, and in popular understanding is an incumbrance within the meaning of a contract to convey a good title.

4. SAME—*what covenants are personal.* Covenants of seizin and the right to convey and that the land is free from incumbrances are personal covenants not running with the land, and if broken at all they are broken when the deed is delivered.

5. SAME—*rights of purchaser where vendor's wife does not join in a deed.* One who has contracted for a conveyance of land by good and sufficient warranty deed and merchantable abstract of title may decline to accept a deed executed by the vendor but not joined in by the vendor's wife, who has an inchoate right of dower, and he may recover damages for breach of such contract though the contract was not signed by the vendor's wife; but if the purchaser seeks specific performance he must take such title as the court can compel the vendor to make.

6. SAME—*meaning of words "merchantable abstract of title."* A contract for a conveyance of land by good and sufficient warranty deed and "merchantable abstract of title," does not mean that the

abstract of title shall be merchantable but that a merchantable title to the land must be shown by the abstract.

CARTER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

BRYAN H. TIVNEN, and CHEW & BAKER, (THOMAS R. FIGENBAUM, of counsel,) for plaintiff in error. ·

WHITAKER, WARD & PUGH, E. A. RICHARDSON, and CRAIG & CRAIG, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 10, 1919, the defendant in error, Charles W. Wittenberg, and the plaintiff in error, Clinton C. Firebaugh, entered into a contract which recited that the defendant in error had that day sold to plaintiff in error a tract of land in Shelby county therein described, containing forty acres, for the sum of $12,020,—$2000 of which was paid in cash and the balance of $10,020 was to be paid in cash on March 1, 1920,—and the defendant in error agreed to convey the land by good and sufficient warranty deed and merchantable abstract of title on the day of the final settlement. On March 2, 1920, the plaintiff in error filed his declaration in the circuit court of Shelby county setting out the contract, and alleging that on March 1, 1920, he tendered to the defendant in error, in gold, the remainder of the purchase price and that the defendant in error refused to perform his contract. The declaration alleged damages for such refusal in the amount of the cash payment of $2000 and the difference in market value on the day fixed in the contract for the conveyance and the purchase price. The defendant in error pleaded that the contract was given to the plaintiff

in error but was to be held by the bank, of which he was an officer, until a condition not expressed in the contract had been complied with, and that the contract was never delivered. The plaintiff in error also filed his bill of complaint, again alleging the making of the contract, the payment of $2000, the filing and recording of the contract, a demand for performance and refusal, and praying for a lien on the land for the cash payment and the recovery of damages for failure and refusal to perform. The bill was answered, admitting the making of the contract but denying delivery or that the defendant in error had refused to perform his agreement, and alleging his readiness and willingness to carry out his contract and to pay back the $2000 cash payment. The defendant in error then filed his cross-bill, alleging the same facts contained in his answer, offering to pay back the $2000 and praying for a cancellation of the record as a cloud upon his title. The cross-bill was answered, denying the existence of any agreement not expressed in the contract and averring that the contract was delivered. By agreement the action at law and the bill in equity were consolidated and heard as one case. By the consolidation the action at law was practically merged in the suit in equity and the procedure in equity was followed. Upon a hearing a decree was entered finding that the contract was made and delivered; that the plaintiff in error tendered full performance on his part; that the defendant in error being a married man living with his wife upon the premises, tendered to the plaintiff in error a warranty deed signed only by himself and did not perform his contract; that there had been a great advance in market values between the date of the contract and the time for performance, and the property had advanced in market value in the sum of $4000 above the purchase price. A decree was entered in accordance with these findings, giving the plaintiff in error a lien upon the land for the $2000, with interest thereon, and awarding to him the difference in market

value as damages, amounting in all to $6176.16, for which a decree was entered with costs and the cross-bill was dismissed for want of equity. The defendant in error appealed to the Appellate Court for the Third District, and that court reversed the decree and remanded the cause, with directions to dismiss the original bill for want of equity and to render a decree finding the defendant in error entitled to the relief prayed for in his cross-bill, and that upon a return of the $2000 cash payment the contract should be canceled of record and further prosecution of the suit at law enjoined. On application for a writ of *certiorari* it appeared not only that the judgment of the Appellate Court was contrary to the decisions of this court, but also that there was confusion in decisions of appellate courts on the question involved, and the writ was awarded.

The circuit court and Appellate Court found as matters of fact that the contract was made and delivered; that the cash payment of $2000 was made and accepted; that the balance of the purchase price was tendered on the day fixed for performance; that the wife of defendant in error had an inchoate right of dower in the premises, and that the defendant in error had offered, as performance of the contract on his part, to deliver to plaintiff in error a warranty deed executed and acknowledged by himself, alone. The evidence in the record is practically conclusive of these facts, and the only question is whether the tender by the defendant in error of a warranty deed signed and acknowledged by himself, in which his wife, who had an inchoate right of dower, did not join, was a compliance with his contract to convey the premises by a good and sufficient warranty deed and merchantable abstract of title. The decision of the circuit court was that the tender of such a deed was not a compliance with the contract, and the Appellate Court held that it was a compliance and that the plaintiff in error could not legally refuse to perform his part of the contract and pay the balance of the purchase money on the

ground that the wife of the defendant in error did not join in the deed or release her inchoate right of dower. The view of the Appellate Court was that the wife not being a party to the contract and not bound by its terms, the court could not require her to sign a deed, and the plaintiff in error having accepted the contract signed only by the defendant in error, with no provision inserted to protect himself against the inchoate right of dower, was bound to accept a deed without a release of that right and pay the purchase price.

The defendant in error agreed to convey the land by a good and sufficient warranty deed and merchantable abstract of title, and if a compliance with that contract required a release of the inchoate right of dower, it is, of course, apparent that it made no difference whatever whether plaintiff in error required the wife to sign the contract, or the defendant in error to have her sign it, in order to protect himself and compel the defendant in error to perform his contract. As was said in *Cohen* v. *Segal*, 253 Ill. 34, there is no more reason why the husband or wife should sign a contract for the sale of land than a mortgagee or judgment creditor should sign a contract agreeing to release his lien, and if the vendor at the appointed time tenders a title free of all incumbrances, including the inchoate right of dower, he performs his contract. If the defendant in error, in order to comply with his contract, was required to obtain the signature of his wife to the deed, he was bound to do it whether the plaintiff in error had specified such signing or not.

Courts enforce contracts or give damages for a breach, and one injured by the breach of a contract is entitled to recover in an action at law the damages resulting therefrom. The contract was for a conveyance by a good and sufficient warranty deed and merchantable abstract of title, and the plaintiff in error was not buying a merchantable abstract but a merchantable title to the land to be shown by an ab-

stract. (*Geithman* v. *Eichler*, 265 Ill. 579.) As a general
rule, every purchaser of land has a right to demand a title
which shall put him in all reasonable security against loss
or annoyance by litigation. He should have a title which
will enable him not only to hold his land but to hold it in
peace, and if he wishes to sell it, to be reasonably sure
that no flaw will come up to disturb its market value. He
has a right at least to a marketable title having no de-
fects which would materially impair its marketable quality.
(*Close* v. *Stuyvesant*, 132 Ill. 607; *Mead* v. *Altgeld*, 136 id.
298; *Deem* v. *Miller*, 303 id. 240.) An agreement to sell
and convey land is in legal effect an agreement to make a
good title, and a merchantable title specified in this contract
means such a title that a person of reasonable prudence will
accept it as not subject to a doubt or cloud that would af-
fect its market value. That would be so even if there were
no contract or any covenant of warranty.

The requirements of a conveyance, or a contract for a
conveyance with a warranty, has been before this court at
different times in different cases. In *Beebe* v. *Swartwout*,
3 Gilm. 162, there was a bill for a foreclosure, and a cross-
bill was filed by the defendant alleging that Swartwout and
wife executed a deed of the premises to him with a cove-
nant that they would warrant and defend the premises in
quiet and peaceable possession, and alleging an outstanding
title. The court said that the covenant was for quiet en-
joyment, which was of a prospective character, and to
constitute a breach of it an actual ouster and eviction were
necessary, and a decree dismissing the cross-bill, which did
not show any disturbance of possession by a paramount
title, was affirmed.

Afterward there were cases before the court where there
was a contract for a general warranty deed or a deed with
such a covenant. In *Brown* v. *Cannon*, 5 Gilm. 174, Can-
non agreed to execute to Brown a good general warranty
deed for certain premises, and Cannon filed his bill to com-

pel Brown to perform his contract. A decree that Brown should take the land and perform the contract was reversed, and the court said that a purchaser who bargained for a good title will not be compelled to take one which is subject to suspicion; that it must be free from reasonable doubt,—a title to which no reasonable man would object and one which a prudent man would not hesitate to purchase at the market price for a good title.

In *Morgan* v. *Smith,* 11 Ill. 194, the complainant had purchased land of the defendant and made a cash payment and gave his note for the balance on a contract by which the defendant bound himself to make and deliver to complainant a good general warranty deed upon payment of the note. The land was subject to an easement, and the court said that the vendor by his bond obliged himself to execute and deliver to the complainant a good and sufficient general warranty deed, which meant that he covenanted to convey a perfect title free of all incumbrances. It was held that the covenant was not satisfied without the conveyance of a perfect title, and the contract was not complied with by the tender of a deed with a reservation of an easement to a stranger.

In *Bostwick* v. *Williams,* 36 Ill. 65, there was an action of assumpsit on a promissory note given under a contract to execute a good and sufficient deed of general warranty for certain lands. A deed was executed with such a covenant, but the grantors were married men and their wives did not join in the deed nor release their dower. *Beebe* v. *Swartwout, supra,* was referred to, and the covenant was construed as a covenant for quiet enjoyment running with the land, and it was held that the covenant of general warranty did not include a covenant against incumbrances, and there was no defense to the note because there had been no eviction. The court did not decide whether an inchoate right of dower was an incumbrance, but said that a respectable court had said that it was not, and admitting it to be

an incumbrance, the covenant did not include it. The language of the covenant in that case was not given, but it must have been different from what had been termed a general warranty in the other cases. The Statute of Anne had been enacted, in substance, in this State and became section 11 of chapter 24 of the Revised Statutes of 1845, by which it was declared that the words "grant," "bargain" and "sell" should be adjudged an express covenant that the grantor was seized of an indefeasible estate in fee simple, free from incumbrances done or suffered from the grantor and for quiet enjoyment against the grantor, his heirs and assigns, with certain specified exceptions. Whether the deed in *Bostwick* v. *Williams, supra,* came within this statute was not stated. The covenants contained in a warranty deed in general use were (1) that the grantor was lawfully seized of an estate of inheritance in fee simple and had good right, power and authority to grant, bargain, sell and convey the same; (2) that the land was free from incumbrances or former grants; (3) for quiet enjoyment by the grantee; (4) that the grantor would warrant and defend the title against all lawful claims; (5) the covenant for further assurance. (4 Kent's Com. 471; Williams on Real Property, 515; Sheppard's Touchstone, 167.)

Covenants of seizin and right to convey and that the land is free from incumbrances are personal covenants not running with the land. If broken at all they are broken when the deed is delivered. The remaining covenants are prospective and run with the land conveyed, and an actual ouster or eviction is necessary to constitute a breach. Under them the covenantee must show that he has been evicted by an outstanding title or that he is unable to obtain possession because the title he has received is inferior to the title by which the land is adversely held. *Jones* v. *Warner,* 81 Ill. 343.

In *Thompson* v. *Shoemaker,* 68 Ill. 256, Margaret J. Fields had given a bond to Rebecca Thompson to convey

land by a general warranty deed, and Mrs. Thompson gave her notes for the purchase price. Mrs. Fields assigned the notes to Shoemaker, and he filed a bill in the nature of a strict foreclosure. The court said that Mrs. Thompson gave her notes for the title in fee to the land, and neither Mrs. Fields nor her assignee could insist on payment of the notes until she had complied with the bond by conveying the title, and Mrs. Thompson was not required by the law to accept a warranty deed and rely on the covenants, which the Appellate Court held in this case the plaintiff in error was bound to do.

There was uncertainty for some time as to whether an inchoate right of dower is a vested interest and therefore an incumbrance. In *Russell* v. *Rumsey,* 35 Ill. 362, it was decided that by marriage and seizin an inchoate right of dower became vested, and that was recognized to be the law in *Rose* v. *Sanderson,* 38 Ill. 247, and *Steele* v. *Gellatly,* 41 id. 39. On the other hand, it was regarded as a mere intangible, inchoate contingent expectancy and not a present interest or estate in lands in *Blain* v. *Harrison,* 11 Ill. 384, *Hoots* v. *Graham,* 23 id. 81, *Robbins* v. *Kinzie,* 45 id. 354, *Johnson* v. *Montgomery,* 51 id. 185, *Henson* v. *Moore,* 104 id. 403, and *Goodkind* v. *Bartlett,* 136 id. 18. The decision in *Russell* v. *Rumsey, supra,* was overruled in *McNeer* v. *McNeer,* 142 Ill. 388, where it was said that the inchoate right of dower is a valuable interest but not a vested one. Whether an inchoate right of dower is in legal contemplation a vested right or estate in lands or not, it has always been recognized as a valuable right and one that affects the market value of land. In popular understanding it is an incumbrance within the meaning of a contract to convey a good title to lands.

In *McCord* v. *Massey,* 155 Ill. 123, the appellee had contracted to sell to the appellants certain land and convey the same to them or their assigns by a good and sufficient warranty deed conveying a good title. In the chain of title

there was a trust deed made by a former owner and a sale by the trustee, and the maker of the trust deed was married and his wife had an inchoate right of dower. The court said that a compliance by the appellee with his covenant would require him to convey to appellants or their assigns a title free from incumbrance, and the inchoate right of dower was an incumbrance within the terms of that covenant.

In *Cowan* v. *Kane*, 211 Ill. 572, the contract provided for a conveyance by a good and sufficient general warranty deed conveying title in fee to the premises described in the contract. It was held that an inchoate right of dower is an incumbrance within the terms of such a contract and deed. The decree required a specific performance of the contract, and if Cowan should not execute a deed including the dower of his wife, the value of her dower should be ascertained by a master in chancery and deducted from the purchase price. The decision was that a party who has contracted for a title free from incumbrance is not required to accept a deed subject to an inchoate right of dower, but if he is willing to accept a part performance he may do so and the seller will not be permitted to take advantage of a defect in his title, and the purchaser is entitled in equity to such a deed as the seller can give, with a proportionate abatement of the price if the amount of the deduction can be ascertained. It was found necessary to reverse the decree because the value of the inchoate right of dower could not be ascertained.

In *Humphrey* v. *Clement*, 44 Ill. 299, the court had decreed specific performance of a contract to convey land by deed of general warranty in fee simple, and the purchaser refused a deed because the wife had not released her dower. The court decreed a conveyance upon payment of the purchase money, and if the wife refused to join in the deed the purchaser was to retain $250 out of the purchase money. This court held the decree for a conveyance clearly proper, but held that any attempt to value the inchoate right of

309—35

dower would be a mere guess; that the purchaser ought not to be compelled to take a title with a cloud upon it when he has bargained for a perfect one, and no court would compel him to take such a title, but if he asked for specific performance the court could not go beyond its power, which was to give him the husband's title. The court expressed a desire to approve the decree if the necessary facts existed upon which to base it, and said that there were several decisions of highly respectable courts in which such jurisdiction had been exercised. That is a very general rule in other courts where the value of the wife's right is computed by reference to annuity tables and other evidence. (9 R. C. L. 583.)

Although the rule of this court is that the wife has no actual estate in the land during the life of her husband, it is a valuable interest and more than a mere possibility, although it is contingent. By all authority an inchoate right of dower renders the title not merchantable, because no person of reasonable prudence would purchase the land at the market price for a good title. Such a title is not marketable in the ordinary sense of the word. (3 Devlin on Deeds, sec. 1515.) This court has never regarded such a title as merchantable, and has never, at any time or in any case, required a purchaser to accept such a title and rely on the covenants of warranty.

The misunderstanding manifest in this case has arisen from decisions where a purchaser has filed a bill for specific performance, of which *Bartak* v. *Isvolt,* 261 Ill. 279, is a notable example, and by separating what has been said in the opinion from the case and the decision of the court. Situations arise where a purchaser desires to obtain the property for which he has bargained, and for that purpose he must apply to a court of equity. The case just referred to was of that character. John Bartak entered into a written contract with Joseph Isvolt by which Isvolt covenanted to convey certain property to Bartak, to furnish a complete

merchantable abstract of title brought down to date, and to convey the property free and clear of all incumbrances, constituting a fee simple title subject to a lease. Bartak was in possession and made valuable and lasting improvements on the premises. He filed a bill for the specific performance of the contract, and a decree was entered requiring the execution by Isvolt of a good and sufficient warranty deed conveying the title to Bartak in fee simple. During the same term of court Isvolt made a motion to set aside the decree on the ground that he had requested his wife to join him in a deed and she had refused, and he tendered to Bartak a deed signed only by himself, which Bartak refused to accept. The motion was overruled and the record was brought to this court by writ of error. The wife of Isvolt was not a party to the contract and was not bound by its terms, and the court could not require her to sign the deed. The decree was reversed and the cause remanded, with directions to so far modify the decree as to require defendant in error to accept the warranty deed executed by Isvolt, and if Bartak refused to pay the balance of the purchase money within a reasonable time to be fixed by the court upon the delivery of a warranty deed signed by Isvolt and a deed of release of a mortgage incumbrance, then the court was directed to vacate the decree and dismiss the bill. Bartak was simply put to his election to take what the court had power to give him or to have no relief. If he wanted a decree for specific performance he must take such a deed as the court could compel Isvolt to give. The decision followed *Ebert* v. *Arends,* 190 Ill. 221, which was of the same nature. It was a bill for specific performance filed by the purchaser, and the decision was that where a purchaser is complainant and asks that the court shall exercise its power to compel specific performance of the contract, he must take such a deed as the court can in the exercise of its power compel the vendor to make. That has been the sole basis of the decisions where a vendee has filed a bill for specific

performance, and they furnish no warrant for saying that one who has agreed to convey by warranty deed a merchantable title performs his contract by tendering a deed which does not convey such a title, or that the purchaser is bound to accept the deed as performance of the contract.

The judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

> *Judgment of Appellate Court reversed.*
> *Decree of circuit court affirmed.*

Mr. JUSTICE CARTER, dissenting.