## John F. Kincaid, Appellant, v. Charles Dobrinsky et al., Appellees.

### Gen. No. 7,014.

1. VENDOR AND PURCHASER—*duty of vendor under contract calling for "clear title."* A contract requiring a vendor of property to furnish an abstract showing "clear title" means only that abstracts should be furnished showing merchantable title in the grantors.

2. VENDOR AND PURCHASER—*showing of United States patent not essential to merchantable title.* The fact that abstracts do not show the issuance of any patent by the United States Government does not render such abstracts objectionable as failing to show merchantable title.

3. VENDOR AND PURCHASER—*merchantable title as affected by defective acknowledgments in ancient deeds.* A title to property shown by an abstract is not subject to objection because of the form of acknowledgment of very ancient deeds, as such defects do not render the title nonmerchantable.

4. VENDOR AND PURCHASER—*effect of provision requiring attorney's approval of abstract.* A contract of a vendor of property requiring him to furnish abstracts of title, showing clear title approved by a named attorney, does not constitute such attorney the final umpire as to the validity of the title, but only requires the furnishing of abstracts of title which would be approved by a reasonably good lawyer acting in entire impartiality between parties, especially when it appears that the attorney named was the attorney for the purchaser, in the transaction.

5. VENDOR AND PURCHASER—*omission in abstract relative to guardian's deed as affecting title.* An abstract of title does not show merchantable title when a guardian's deed appears in the chain of title, based upon some court proceedings, and there is a failure to show enough of the record in such proceedings to show that the court had jurisdiction of the subject-matter and of the parties whose interests in the land were sold as well as the decree of sale, report and confirmation by the court.

6. VENDOR AND PURCHASER—*omission in abstract as to administrator's deed as affecting title.* An abstract of title does not show merchantable title when an administrator's deed appears in the chain of title, and there is no showing of the judicial proceedings under which the sale was conducted, or that the court had jurisdiction of the subject-matter and parties.

7. VENDOR AND PURCHASER—*lapse of time as affecting objections*

*to abstract.* Objections to an abstract in that there is a failure to show merchantable title, because the chain of title contains deeds by a guardian and by an administrator, without showing necessary court proceedings and jurisdiction of the subject-matter and parties, are not obviated by the fact that the deeds were executed many years ago.

8. VENDOR AND PURCHASER—*when defects of abstract not cured.* Defects in a title as shown by an abstract are not remedied when a vendor has a deed reacknowledged, and tenders affidavits to cover certain defects, as the instrument reacknowledged and the affidavits should be re-recorded and entered upon the abstract.

9. APPEAL AND ERROR—*when matters not properly preserved or presented for review not considered.* An appellant in an action on a contract cannot contend on appeal that the defendants in the action, having been defaulted, were limited to the matters set up in their affidavits to vacate the default, when they filed pleas and appeared at the trial, and such affidavits are copied into the record by the clerk, intermingled with court orders, so that they are not part of the record, as a consequence of which it does not appear upon what showing the default was vacated.

10. APPEAL AND ERROR—*when question whether defendants limited in their defenses by affidavits to open default immaterial.* In an action on a contract to recover a sum of money due when a vendor furnished abstracts showing clear title to land, where the defendants were defaulted and afterwards the default was set aside and pleas filed, the question whether the defendants were limited by their affidavits filed to set aside the default was immaterial, as the plaintiff failed to prove that he tendered abstracts showing clear title.

11. VENDOR AND PURCHASER—*bank depositary of purchase price proper party to action on contract.* A bank is properly made a party to an action on a contract showing that a certain sum of money is to be paid to a vendor when he furnishes proper abstracts showing clear title to the property sold, which contract is in the form of a receipt signed by the bank's cashier in his own name, when the evidence shows that the money in question was deposited in the bank and kept by it, though the cashier who signed the receipt had ceased to hold his position with the bank at the time of trial, the signature to the contract being the one usually used when signing bank drafts.

12. VENDOR AND PURCHASER—*joint liability not created between purchaser and bank depositary of purchase price.* A bank and a purchaser of real property are not jointly liable under a contract in the form of a receipt whereby a portion of the purchase money is deposited with the bank to be paid to the vendor upon the

furnishing of abstracts of title showing clear title to the satisfaction of the purchaser's attorney.

13. APPEAL AND ERROR—*when portions of a brief not stricken because criticising one not a party.* On an appeal from the dismissal of a suit brought by a vendor of real estate to recover certain money due on a contract requiring such vendor to furnish an abstract showing clear title to the property involved, to the satisfaction of the attorney for the purchaser, the court cannot expunge portions of the appellant's brief on motion of the attorney for the purchaser, even though such brief treats the attorney with undeserved severity and even alleges perjury, as the good faith of the attorney in passing on the abstract was a material question in the case, and on the appeal the attorney was not a party to the appeal, or a representative of a party.

14. APPEAL AND ERROR—*when question of remedy of one not a party not determined.* On an appeal from the dismissal of a suit brought by a vendor of real estate to recover certain money due on a contract when such vendor furnished abstracts of title showing clear title to the satisfaction of the purchaser's attorney, where it appeared that the appellant employed the purchaser's attorney to make the abstracts which were copied and used as evidence without paying the attorney, the court cannot determine whether any remedy should be afforded to the attorney, he not being a party to the appeal.

15. APPEAL AND ERROR—*ruling on propositions of law as harmless.* Alleged error of the trial court in ruling on propositions of law, which ruling is claimed to be inconsistent with the judgment dismissing the plaintiff's action, is immaterial when it appears that the plaintiff failed to establish his case under the contract sued on. .

Appeal from the County Court of Henry county; the Hon. LEONARD E. TELLEEN, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 27, 1922.

GEORGE W. WOOD and JOSEPH L. SHAW, for appellant.

STURTZ & EWAN, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

John F. Kincaid and others agreed to sell certain real estate to Charles Dobrinsky. When the time came

to pass the title, abstracts of title had not been furnished and it was agreed that $600 of the purchase money should be deposited with Central Trust & Savings Bank of Geneseo, Illinois. That bank issued the following memorandum therefor:

"$600                                  March 2, 1908.

Received of John F. Kincaid Six Hundred Dollars to be paid to him when long form abstract showing clear title and title and abstract approved by Harry E. Brown of land sold this day by Kincaid and others to Dobrinsky.

ARTHUR COOK, Cashier."

Afterwards John F. Kincaid brought this suit upon said instrument against the bank and Dobrinsky in the county court of Henry county, and filed a declaration on March 31, 1911. The first count charged the making of said instrument and that plaintiff furnished Dobrinsky abstracts of title in long form, showing clear title in the grantors in the deed to Dobrinsky, and Brown without any good reason refused to approve the abstracts, and the bank at the instigation of Brown and Dobrinsky refused to pay the money to plaintiff. The second count charged the furnishing of the abstracts and the refusal of Brown to approve the title and that Dobrinsky afterwards sold and conveyed all said lands by warranty deed and thereby disabled himself from rescinding the deed to himself, and thereby asserted the title to be a good title in fee, and is estopped from denying the validity of the title which he received. The third and fourth counts were common counts and were afterwards dismissed by plaintiff. Each defendant filed a plea of the general issue and a plea denying joint liability with the other defendant. A jury was waived. The cause was tried and there was a finding and a judgment dismissing the suit as to Dobrinsky and in bar as to the bank. Plaintiff appeals therefrom.

The contract sued on called for an abstract showing clear title. The first question is what title was thereby intended. That particular expression is not common

in such agreements and has not often been judicially construed. In *Roberts v. Kimmons*, 65 Miss. 332, 3 So. 736, it was held that an agreement to make a title "clear and satisfactory to the purchaser" meant a title free from valid objections and such a title as a purchaser would have a right to without that stipulation. We conclude that so far as those words are concerned, they meant only that abstracts should be furnished showing merchantable title in the grantors.

The question what is required to comply with a contract to furnish abstracts showing merchantable title to real estate has recently been passed upon by our Supreme Court in *Koch v. Streuter*, 232 Ill. 594; *Attebery v. Blair*, 244 Ill. 363; *Geithman v. Eichler*, 265 Ill. 579; and *Lamotte v. Steidinger*, 266 Ill. 600. Without stating in detail what is there decided, it is sufficient to say that many of the objections made by Brown to the abstracts of title in this case are held not valid objections. Brown objected to these abstracts because they did not show the issue of any patent by the United States Government. That was not a valid objection under the foregoing authorities. There were many objections of a minor character to the form of acknowledgment of very ancient deeds, which under the foregoing authorities do not render the title nonmerchantable. The contract required that the title and abstracts should be approved by Harry E. Brown. Appellees contend that Brown was thereby constituted the umpire between the parties, whose decision, made in good faith, was binding on the parties. There is strong reasoning in support of that position in some of the authorities relied upon by appellee. We, however, conclude that it should only require the furnishing of abstracts of title which would be approved by a reasonably good lawyer who was acting in entire impartiality between the parties. Brown was acting at that time as attorney for Dobrinsky, the purchaser, and he drew or dictated this contract. In a

letter from Brown to plaintiff, dated August 26, 1908, Brown stated that Dobrinsky wanted every single defect cured that anybody could object to. He appeared for the defendants in the earlier stages of this case. Before this suit was begun Dobrinsky conveyed all these lands to another party. He could no longer rescind the contract of sale and reconvey the premises to those who had sold to him. Under such circumstances Brown ought not to be treated as the final umpire as to the validity of this title.

There are various respects, however, in which the abstracts do not show merchantable title. A guardian's deed appears in the chain of title, based upon some court proceeding. The abstract should have shown enough of the record in that proceeding to show the court had jurisdiction of the subject-matter and of the parties whose interests in the land were sold and the decree of sale and the report of sale and its confirmation by the court. None of these appears. There is in the chain of title an administrator's sale without any abstract of the judicial proceedings under which that sale was conducted. In these two cases the deed, to be valid, must have been supported by decrees of court having jurisdiction of the subject-matter and the parties, and that should have been made to appear of record. These objections are not obviated by the fact that these deeds were executed many years ago. *Fell v. Young*, 63 Ill. 106. In the abstract of one instrument appears a certified copy of a will but nothing to show that it was admitted to probate. There is an instrument released by an attorney in fact, without any power of attorney appearing of record. An attempt was made to remove one objection by having an instrument reacknowledged, and it was tendered back to Brown in that condition. It should have been recorded and entered again upon the abstract. One or more affidavits were tendered to cover certain defects. They should have been recorded and entered upon the

abstract. This was not done. In our opinion the ab-
stracts did not show clear title nor merchantable title
in the vendors, and for that reason plaintiff could not
recover upon the contract when the suit was brought
or tried.

Defendants were defaulted and afterwards that de-
fault was set aside and they filed the pleas above
stated. Appellant contends that defendants were lim-
ited to the matters set up in the affidavits to vacate the
default and especially in the last affidavit, which
secured that result, the motion to vacate the default
having been denied on the showing made before that.
To this we think there are several answers. The ab-
stract of this record professes to say that the bill of
exceptions begins on page 16 of the record. There is
nothing to show that the bill of exceptions begins on
page 16. As we interpret the record the bill of excep-
tions begins on the page which is numbered in the rec-
ord both 44 and 45. The supposed affidavits in support
of the motion to vacate the default are prior to that
in the record and appear merely to have been copied
into the record by the clerk, intermingled with his
court orders. If so, the clerk had no power to pre-
serve these affidavits in that way and they are not a
part of the record. If so, it does not appear upon what
showing the default was vacated. Again, we are of the
opinion that these affidavits, if in the record, did not
restrict the defense. No affidavit of claim was filed
with the declaration and defendants were not required
to file an affidavit of their defense. But, further,
plaintiff was still obliged to prove his case, and he did
not raise this point at the beginning of the trial and
ask for judgment without proofs, but he put in all of
his evidence. Defendants did not put in any proofs,
but relied upon the insufficiency of plaintiff's proofs.
As we hold that plaintiff did not prove that he had
tendered abstracts showing that a clear title or a mer-
chantable title had been conveyed, as this contract

requires, the question whether defendants were limited by their affidavits is immaterial.

Defendants also urged that this instrument sued on is the contract of Arthur Cook and not of the bank. Under some circumstances such a signature might not bind the bank, but it is the usual form for signing bank drafts. There is proof in the record that the agreement was that this $600 should be deposited in the bank, and there is proof that the bank still had the money at the time of trial, although Cook had ceased to be its cashier. Under that proof the suit was properly brought against the bank. The bank and Dobrinsky were not jointly liable on this contract.

Brown, though not now an attorney in this case and not a party to it, entered a motion in this court to expunge from appellant's brief certain reflections upon himself, and that motion was taken with the case. Appellant's brief has treated Brown with what seems to us undeserved severity. It quotes a part of an affidavit made by him and alleges it to be perjury, whereas, when the whole affidavit is read, it seems to us not subject to the construction appellant puts upon it. Still, Brown's good faith in passing on the title was a material question in the case and was subject to discussion by counsel, and therefore we cannot well expunge anything from the briefs of appellant. It seems that appellant employed Brown to make the abstracts and Brown did make them and sent them to appellant's attorneys and they made copies of Brown's abstracts and had them compared and proven to be copies and then offered the copies in evidence with proof of the comparison, but apparently without paying Brown for making the abstracts. Brown is not a party and we cannot determine as between Brown and appellant whether any remedy should be afforded to Brown for that. Under the contract and the proofs made, the abstracts offered seem to have been admissible.

Appellant presented propositions of law and it is claimed that the judgment is not consistent with the ruling of the court holding one of those propositions. As plaintiff did not establish a case under the contract, we think the supposed inconsistency of the propositions is immaterial.

The judgment is affirmed.

*Affirmed.*