(No. 20046.—

HENRY BRELIE, Plaintiff in Error, *vs.* DAVID SAUL KLAFTER
*et al.* Defendants in Error.

*Opinion filed February 18, 1931.*

LOUCKS, ECKERT & PETERSON, (W. W. PATTERSON,
of counsel,) for plaintiff in error.

PERLMAN, GOODMAN & SCOLNIK, (AVERN B. SCOLNIK, of counsel,) for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Henry Brelie, began an action of assumpsit in the superior court of Cook county against defendants in error, David S. and Amanda E. Klafter, to recover $22,858.91, being the earnest money advanced by plaintiff in error under a contract for the purchase of· 650.5 acres of Florida land at $325 per acre, plaintiff in error claiming that the title to the land was so defective that the sale could not be completed. At the close of all the evidence the trial court directed a verdict in favor of plaintiff in error for the amount·claimed. An appeal was prosecuted to the Appellate Court for the First District, where the judgment was reversed without remanding the case. A writ of *certiorari* was prosecuted from this court and the judgment of the Appellate Court was reversed and the cause remanded, with directions to make a finding of facts as to the basis of the judgment. Upon the case being reinstated in the Appellate Court the judgment of the trial court was reversed, with a finding that the ultimate fact which the Appellate Court found different from the trial court was that the title to the premises fronting on Route 3 was not materially defective; that this finding was a conclusion of law; that there was no dispute in the evidence; that the trial court held there was no question of fact for the jury to decide but the sole question involved was one of law for the court, and the court accordingly directed a verdict which was based upon a wrong conclusion of law, and that the sellers were able to furnish good title, consequently plaintiff in error could not recover. To review the judgment of the Appellate Court a writ of *certiorari* has been prosecuted from this court.

The evidence shows that on October 31, 1925, plaintiff in error entered into a written contract with defendants in

error to purchase the land in question. The contract provided that defendants in error should convey the fee simple title and furnish an abstract showing merchantable title. It provided that "if the title to any parcel of this land should prove defective and the sellers cannot cure the defects, such acreage shall be deducted and eliminated from the contract and the sellers agree to sell the balance at the price and upon the terms stated. It is understood, however, that should any part of the premises fronting on Route 3 be affected by such defects so that the sellers are unable to furnish good title thereto, the purchaser shall be released from any obligation under the terms of this contract and any amount or amounts paid to the sellers shall be returned to the purchaser." After the contract was entered into abstracts of title were furnished, which were examined by attorneys for plaintiff in error and many defects were noted in a written opinion which was submitted to attorneys for defendants in error. The attorneys for defendants in error made a reply to this opinion in which they concluded that the title was good. On the trial these opinions were admitted in evidence and it was stipulated that they should be evidence of the facts therein stated.

The evidence shows that 75 acres of this land have a frontage on Route 3. This land is described as the west half of the southeast quarter of section 19, township 16 north, range 30 east, except five acres in the southeast corner. Route 3 extends northwesterly and southeasterly across the northeast corner of these 75 acres, therefore the 75 acres have a frontage on Route 3. If the title to these 75 acres is so defective that it cannot be cured, the purchaser, under the contract, has the right to refuse to accept the conveyance and to recover the money paid by him.

There are only two defects urged in this court against the title to the 75 acres. The first one is that on account of an old road along the south side thereof it is impossible for defendants in error to convey all of the fee simple title

to all of the 75 acres. This road is 30 feet wide and 300 feet long. Its east end is 1800 feet from Route 3 at the nearest point. The land actually occupied by this road is 9000 square feet, which is about .00275 part of the 75 acres. In support of his contention that this alleged defect in title was sufficient to nullify the contract appellant cites *Bowes* v. *Vaux,* 43 Ont. L. 521, where it was held that the purchaser was entitled to recover what he had paid on the contract where there was a defect in title to a portion of the land, regardless of how small the percentage of the defective area might be. The decision is based solely on the ground that the contract provided for such a right.

The exact facts here presented have not been passed upon by this court but cases somewhat similar have been passed upon by this court and courts of other jurisdictions. In *D'Wolf* v. *Pratt,* 42 Ill. 198, the vendee refused to complete the contract on account of an alleged deficiency in the quantity of land. It was held that if the deficiency was inconsiderable and did not materially impair the value of the remainder the vendee might be compelled to take the land. In *Towner* v. *Tickner,* 112 Ill. 217, it was held that where the purchaser gets substantially all for which he contracted he ought not to be permitted to refuse to perform on account of a slight deficiency when full compensation can be made in money and where the deficiency is occasioned by no bad faith upon the part of the vendor. In *McCourt* v. *Johns,* 33 Ore. 561, the vendee sued for a rescission of the contract and for an accounting of money paid, on the ground that there was a failure of title to 10 acres out of a contract for 224 acres. The court held that if the part to which the defective title related was small or inconsiderable in comparison with the whole and did not affect the value and reasonable enjoyment of the remainder for the purpose for which it was intended and was susceptible of compensation, the parties would not be permitted to rescind, and might, upon ratable abatement of

the purchase price, be required to specifically perform. To the same effect are *Haltzel* v. *Baird,* 90 Ore. 156; *Hawkins* v. *Rodgers,* 91 id. 483; *Ball* v. *Pursefull,* 3 Ky. L. 396; *Key* v. *Jennings,* 66 Mo. 356; *Investment Co.* v. *Vernon,* 129 Tenn. 637; *Farris* v. *Hughes,* 89 Va. 900; *Morgan* v. *Brast,* 36 W. Va. 332; *VanBlarcon* v. *Hopkins,* 52 Atl. 147; *Keepers* v. *Yocum,* 84 Kan. 544.

The road along the south side of this 75-acre tract had been in existence for many years at the time the contract of sale was entered into. The plat of the 650.5 acres is in evidence and shows various other roads extending through this land, all of which were in existence when the contract was made. No reference or exception is made in the contract to these roads and no provision is made that they shall or shall not constitute a defect in the title. Defendants in error could not convey title in fee to any part of the land occupied as roads, and this fact was apparent at the time the contract was made. The contract was evidently made with reference to existing conditions, which included existing roads. This purchase is by the acre and not in gross. The purchaser is expected to pay for the actual number of acres received by him. All of the land contained in the contract is unfenced. It has been cut over and there are no houses on it. The area reserved for this road is exceedingly small, has no special importance in connection with the rest of the land, and has no effect on the value of the other land in the large area involved. On the contrary, the purpose for which it is reserved enhances the value of the balance of the land. The contract provided for a conveyance in fee and for a merchantable title. A title, to be merchantable, need not necessarily be perfect of record, but a purchaser has a right to require that the title shall be of such a character that he will not be exposed to the danger of litigation as to its validity. If the facts throw a cloud on the title, rendering it dubious in the minds of reasonable men, it is not merchantable but otherwise it is

merchantable. (*Smith* v. *Dugger*, 310 Ill. 624; *Firebaugh* v. *Wittenberg*, 309 id. 536; *Ewing* v. *Plummer*, 308 id. 585; *Deen* v. *Miller*, 303 id. 240; *Close* v. *Stuyvesant*, 132 id. 607.) The fact that there was a road along the south side of the 75-acre strip, which the purchaser was not required to pay for, was not such a defect in title as entitled him to rescind the contract and recover the purchase price advanced.

The second defect complained of by plaintiff in error is that the abstract shows that the owners of the 75 acres conveyed ten acres thereof by warranty deed on April 4, 1886, which deed contains no words of inheritance after the grantee's name and therefore conveyed only a life estate to the grantee, and the remainder of the fee to the ten acres is in the heirs of the grantor in that deed. There is considerable question as to the basis of this contention. The deed of 1886 is not before this court for inspection nor is the record of the deed before us. The only evidence of this defect which is before us is the recital in the abstract of title, which simply shows that Mahan and wife conveyed the ten acres to Walker on April 4, 1886, by warranty deed. We must assume that the warranty deed was in proper form to convey the entire title. At the bottom of this entry on the abstract appears the following: "See note for this deed. R. E. C. Not to lien." Plaintiff in error made a motion in the Appellate Court to correct the abstract by striking out the word "lien" and substituting the word "heirs." The abstract was made by a Florida abstract company. It was partly printed and partly typewritten. The words above quoted are written in lead pencil. There are a number of notes written in pencil on other parts of the abstract. All of these pencil notes are written diagonally across the abstract while the printed and typewritten parts are horizontal. It does not appear who wrote the pencil memoranda or what was the source of information that warranted the writing of these notes. They were not writ-

ten by the abstract company but by some third person and are therefore of little force and effect as the basis of this objection.

The common law rule is that the use of the word "heirs" is indispensable to the conveyance of an estate of inheritance. In 1903 the Florida legislature passed an act which provided that where any real estate shall hereafter be conveyed without there being used in the conveyance any words of limitation, such as "heir," "successor," or similar words, such conveyance shall be construed to pass the fee simple title or other whole estate of interest which the grantor had power to dispose of in the real estate conveyed unless a contrary intention shall appear in the conveyance or grant. This statute only applied to conveyances made after the date of the passage of that statute. In 1925 the legislature of Florida passed another statute making the provisions of the act of 1903 apply to grants made prior thereto. In 1925 the legislature of Florida also passed another statute as follows: "After the lapse of twenty years from the recording of any deed or the probate of any will purporting to convey lands, no person shall assert any claim to said lands as against the claimants under such deed or will or their successors in title. After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described as against all persons who have not asserted by competent record title an adverse claim. Any person whose rights are adversely affected by this chapter will have six months within which to institute suit to protect such rights, and the chapter shall not affect pending litigation."

In *Reid* v. *Barry*, 112 So. 846, the Supreme Court of Florida held that prior to the enactment of chapter 5145 (Laws of 1903, sec. 3796, Rev. Gen. Stat. of Florida,) the common law rule that the use of the word "heirs" was ordinarily indispensable to the conveyance of an estate of inheritance prevailed in the State of Florida; that the act of

1903 provided that, regardless of such words as "heirs" or "successors," a conveyance would be construed to pass the fee simple estate of the grantor; that this statute was prospective, only, but that by an amendatory act (Laws of 1925, chap. 10170,) it was made applicable also to prior conveyances; that the tendency of modern statutes and decisions has been to depart from some of the arbitrary common law rules and to construe the instrument to effectuate the intention of the grantor, and that deeds are construed most strongly against the grantor and most beneficially for the grantee.

The deed in question was executed on April 4, 1886. The grantee in the deed and his heirs and grantees have apparently been in possession of the ten acres conveyed for almost forty years. There is no evidence that any of the heirs of the grantor in the deed of April 4, 1886, are now claiming or have ever claimed any title or interest in any part of the remainder in fee although the ten acres have been transferred on many occasions to various parties, including one of the attorneys who passed on the title in this case and who now holds a mortgage on this ten acres. Not only has no claim been made by the heirs of the grantor in the deed of 1886 to any part of the land, but the deed of 1886 has been validated by the statute of 1925 so as to convey the entire title to the fee of the ten acres and vest it in the present plaintiff in error, who owns this land. In addition to this, a statute of limitations has been passed which bars a right of recovery after twenty years' possession. The alleged defect in title with reference to this ten acres was not sufficient to justify a rescission of the contract and a return of the money.

The judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*