Hillis G. Swearingen, Appellee, v. Theodore Beyer, Appellant.

Gen. No. 8,764.

Opinion filed May 10, 1934.

PAUL A. CUSHMAN and O. C. KIESELBACH, for appellant.

JAMES H. ANDREWS, GREGG A. YOUNG and HARPER ANDREWS, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On June 26, 1931, appellee and his wife, as vendors, entered into a written contract with appellant, as vendee, by the terms of which the vendors agreed that if the vendee would make the payments and perform the covenants therein mentioned on his part to be performed, they would convey to him, by a good and sufficient warranty deed, a triangular piece of land therein described, a merchantable title thereto to be shown by an abstract of title. The purchase price was $4,700, on which $2,850 was paid, leaving a balance of $1,850 due December 1, 1932, which the vendee agreed to pay

vendors at the office of the First National Bank of Kewanee. A previous contract for the sale of these premises had theretofore been entered into by the parties, under which appellant had taken possession and he was in possession thereof at the time this action was instituted. The premises were improved by an oil and gas filling station operated by the tenant of appellant, Don Clark.

On January 16, 1933, Messrs. Andrews and Young, representing appellee, wrote appellant to the effect that they represented appellee, that they had prepared an abstract of title to the property in controversy, which they inclosed with the letter, informed him that they were ready to release a mortgage upon the premises which had been executed by appellee to George Keim, the release being in their hands, and advising him that they also had in their hands a deed executed by appellee and his wife conveying the property to appellant and inquiring whether appellant had any further objection to complying with the terms of the contract.

On January 19, 1933, no part of the payment due December 1, 1932, having been paid, appellee, acting through his attorneys, sent by registered mail a notice to appellant to the effect that appellee, after 30 days from the receipt of the notice by appellant, would declare a forfeiture of appellant's interest in the premises described in the contract of sale and advised him that thereafter proceedings would be instituted under the Forcible Entry and Detainer Act, Cahill's St. ch. 57. This notice was received by appellant through the mail the same day it was sent. On January 21, 1933, the tenant in possession of the premises, Don Clark, was personally served with a written demand for immediate possession of the premises.

On February 23, 1933, this action in forcible entry and detainer was instituted before a justice of the peace, resulting in a judgment in favor of the plaintiff,

from which an appeal was taken to the circuit court, where a jury was waived and the cause submitted to the court for determination and a like judgment was rendered and the record is before this court for review by appeal.

Upon the trial, one of the attorneys for appellee testified that several days after he had sent the letter to appellant on January 16, 1933, he had a conversation with appellant, in which they discussed the question of interest and the amount due under the contract and that appellant stated he did not wish to be forced to make a payment at once, that he couldn't pay them and wished to have more time and requested that an extension be granted. Appellant's version of this conversation was that he said the mortgage would have to be released before any parties would be interested in loaning him any money and that he never said he couldn't or wouldn't pay the amount due on the contract. Appellant further testified that prior to receiving the abstract of title from the attorneys for appellee, he advised the attorneys representing appellee that he objected to the title and again after the abstract was received he had it examined, received a written opinion thereon and again told one of the attorneys for appellee that he wouldn't pay for the property until he got a clear title.

The abstract of title which was sent appellant on January 16, 1933, and which was offered and admitted in evidence upon the hearing, discloses that on January 13, 1902, Joe Zang took title to this property and that it was thereafter platted by John Zang and there is nothing to show that Joe Zang and John Zang are one and the same person. The abstract of title further discloses that on June 25, 1931, appellant and his wife executed a trust deed to Elisha A. Beadle, trustee, to secure the payment of $3,350, which was filed for record June 29, 1931, and which is a first lien upon the prem-

ises. It further appeared from the evidence that this trust deed is known as the Geo. Keim mortgage and that appellee had not discharged this incumbrance, but had procured a release therefor and placed it in the hands of his attorneys, but had paid no one any consideration therefor. This release is dated January 5, 1933. Appellee had also placed in the hands of his attorneys a warranty deed, properly executed and acknowledged by himself and wife, conveying these premises to appellant, this deed being dated January 14, 1933.

A number of errors are relied upon for a reversal of this judgment, only one of which needs to be considered. The pertinent part of the Forcible Entry and Detainer Act, Cahill's St. ch. 57, effective at the time this action was instituted, provides that an action lies to recover possession of lands when a vendee having obtained possession thereof under a written agreement to purchase and having failed to comply with his agreement, withholds possession after demand in writing by the person entitled to such possession and that notice, either personal or by registered mail, that a proceeding under the provision of the act is to be instituted shall be given the purchaser under the contract at least 30 days prior to the institution of such proceeding.

The question presented for our consideration is whether appellant had failed to comply with his agreement and was therefore in default at the time this action was instituted so that appellee had a right to declare a forfeiture and recover possession of the premises in controversy.

It will be observed that the contract in this case bound appellant to pay appellee $1,850 on December 1, 1932. It obligated appellee to convey to appellant the premises in controversy by a warranty deed, a merchantable title thereto to be shown by an abstract of

title. These covenants were mutual and neither party can compel the other to perform without first making a tender of the money or the deed and abstract showing such merchantable title. *Greengard v. Bernstein*, 343 Ill. 416. Where a contract imposes concurrent obligations, neither party was obligated to perform his part of the agreement before the other, and the plaintiff in an action for the return of earnest money paid under such a contract need only show that he was ready, willing and able to perform on his part if the defendant was ready to perform his. *Blunt v. Kelly*, 219 Ill. App. 327. See also *Summers v. Hedenberg*, 198 Ill. App. 460.

Appellant in the instant case contracted to pay for a merchantable title. A merchantable title is a title free from such a cloud as would render it dubious in the minds of reasonable men. *Brelie v. Klafter*, 342 Ill. 622; *Lamotte v. Steidinger*, 266 Ill. 600. A doubtful title, which a purchaser under a contract of sale of land will not be compelled to accept, is one which may be reasonably and fairly questioned in the opinion of competent persons. *Street v. French*, 147 Ill. 342. If the abstract shows a break in the chain of title so as to excite a serious doubt by a reasonable, prudent man as to validity of the title, and there is no explanation of the same, the title is not merchantable. *Hayne v. Fenton*, 321 Ill. 442. Appellee, under the contract, was required, before he could declare a forfeiture, to furnish appellant an abstract showing a merchantable title. The abstract he furnished disclosed that on January 13, 1902, Joe Zang took title to this property by warranty deed, and that thereafter and on November 2, 1903, Henry Oliver surveyed and platted the premises, his certificate showing it was done at the request of John Zang, owner. To this certificate there was appended the following: "I, John Zang, owner of land described in the foregoing plat and surveyor's cer-

tificate, do hereby adopt and approve the said plat as therein shown.'' The abstract also disclosed the unreleased Beadle trust deed for $3,350, which was a first lien upon the premises.

Conceding that the letter of January 16, 1933, written on behalf of appellee, by his attorneys, was sufficient notice to appellant that appellee was ready, willing and able to convey and cause the trust deed to be released of record, still the fact that Joe Zang took title and John Zang afterward platted it discloses such a break in the title as to make the title unmerchantable in the absence of explanation in reference thereto. Counsel for appellee admit that the abstract discloses this defect, but states that if it is serious it could have been easily corrected if appellant had made any objections thereto after he had obtained the opinion from his attorneys concerning this title and that his objection thereto on the trial came too late. The answer to this is that under the contract appellant was not required to point out any defects in the title, nor was he required to make any specific objections thereto, but the burden was cast upon appellee to furnish an abstract showing a merchantable title, and until that was done he was in no position to declare a forfeiture and institute this action.

The judgment of the circuit court is reversed and as a jury was waived, there is no necessity for remanding the cause.

*Judgment reversed.*