Farmers and Merchants Bank of Vandalia, Appellee, v. L. B. Holland, Appellant. Rachel Harner et al., Appellees.

Opinion filed March 1, 1941.

F. R. WILEY, of Decatur, for appellant.

MATHENY & WELKER, of Vandalia, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

The Farmers and Merchants Bank of Vandalia, Illinois, hereinafter referred to as the complainant, filed a bill of interpleader to determine whether $1,200, held by it in escrow, should be returned to the depositors thereof, Mr. L. B. Holland, hereinafter referred to as the appellant or whether it should be paid to Rachel Harner, Joseph Pershing Harner, and Ida Mae Durbin, hereinafter referred to as the appellees.

It appears from the record that the appellant entered into a contract with the appellees to lease from them the northwest quarter of the southeast quarter of section thirty-six (36) township seven (7) N., R. 3 east of the third principal meridian, which real property the appellees stated they owned in fee simple. The terms of the lease, which was a usual oil and gas lease provided that the appellant deposit $1,200 with the complainant as escrow holder, which $1,200 was

to become the property of the appellees when the appellees' attorney had approved the title to the aforesaid realty. The other provisions of the lease need not now concern us.

Appellant's attorney withheld approval of title to the realty aforesaid for reasons which are amply described in the record and which, as will be cited hereafter need not be dealt with in this opinion. The appellees contend that they have complied with the terms and conditions of the contract and seek release of the $1,200 held in escrow by the complainant. The appellant contends that the appellees have not complied with the provisions of the contract and refuses to release the money.

Therefore, the sole question to be decided by this court is, whether or not the terms of the contract have been complied with.

The contract provides that the appellant is "to begin drilling a well within thirty days after approval of title by any attorney of the second party's choice." The attorney for the second party's choice never approved the title. That point is not in dispute but is admitted by both parties to the litigation. The question then, is whether the attorney of the appellant withheld approval because of the doubt which would come to the mind of "a reasonable-minded attorney who was acting in entire impartiality between the parties" (*Kincaid v. Dobrinsky*, 225 Ill. App. 85, 89), or whether his approval was withheld because of his client who had changed his mind about the advisability of the transaction into which he had entered.

The record indicates that a prior similar lease had been made between the appellees and one Essex and that the physical evidence of this lease had been destroyed by one of the appellees. It is not clear from the evidence whether or not this lease had been fully executed but it does seem clear from the evidence that the possibility of its exigency was such that action by

some court might have been necessary in order that the appellant receive a clear title to the property in question. It is well settled at law and is not disputed in the brief of the appellees that the destruction of the physical evidence of a lease (as such in this case existed) in no way impairs its validity. *Havice v. Havice,* 257 Ill. 393; *Metropolitan Trust & Savings Bank v. Perry,* 259 Ill. 183; *Standard Trust & Savings Bank v. Fernow,* 317 Ill. 325; *Moore v. Downing,* 289 Ill. 612.

It is a well-settled law in Illinois that a title to be marketable must not be subject to a reasonable probability of litigation. 66 Corpus Juris, sec. 536, p. 867; *Brelie v. Klafter,* 342 Ill. 622; *Hayne v. Fenton,* 321 Ill. 442; *Cobb v. Willrett,* 313 Ill. 92. It appears from the record and from the testimony of Essex that in all probability subsequent litigation would ensue if the appellant consents to the transaction. (Abstract of record, page 29.)

The contract further provided that the appellant was bound to fulfill his part of the bargain only after an attorney of his choice had approved the title. Appellees seek to overthrow by evidence that such approval was withheld because of appellant's misfortune in another oil venture. This court will not assume, upon such meager evidence that a member of this Bar in good standing would under circumstances similar to those here shown by the evidence withhold his approval of a title upon such mala fide instructions of his client.

In *Kincaid v. Dobrinsky, supra,* a case cited with approval by both appellant and appellees, this court held that an attorney is justified in withholding his approval of an abstract of title where he is acting in entire impartiality between the parties and where he was a "reasonably good lawyer." The burden is, therefore, upon the appellees to show that the attorney of the appellant was not a reasonably good lawyer and did

not act in entire impartiality between the parties, but that in the withholding of his approval of the title he was acting partially and unreasonably. There is no evidence in the record to support such conclusion. Furthermore, if the attorney in question failed to approve a title upon which even this court entertains no doubt this is not of itself sufficient reason to indicate such disapproval is unreasonable or capricious. For "although the court has a favorable opinion of it (the title), yet it may reasonably and fairly be questioned in the opinion of other competent persons." *Street v. French,* 147 Ill. 342; *Bauman v. Stoller,* 139 Ill. App. 393. Nothing appears in the record to show that approval was withheld by appellant's attorney for any reasons other than those which might occur to a reasonable and careful man versed in the law. This being true the appellees have not fulfilled their contract which calls for a title of such a nature as to be approved by the attorney of the appellant. It therefore follows that the $1,200 on deposit with the complainant still belonged to the appellant and that the lower court was in error in saying that this sum be paid to the appellees.

This case is reversed and remanded to the circuit court of Fayette county, in order that a decree may be entered consistent with the opinions expressed herein.

*Reversed and remanded.*